IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ERIC WILLIAMS, AIS # 183445, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:26-CV-386-WKW |
| | ) | [WO] |
| BRIAN THOMPKINS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff Eric Williams, an inmate proceeding *pro se*, initiated this action by filing a 42 U.S.C. § 1983 complaint (Doc. # 1) and an application for leave to proceed *in forma pauperis* (Doc. # 2). However, he did not submit a certified copy of his prisoner trust fund account statement as required by 28 U.S.C. § 1915(a)(2). Accordingly, on May 18, 2026, the Clerk of Court issued a Notice of Deficiency directing Plaintiff to submit his inmate account statement within 14 days of the Notice's date. (Doc. # 3.) After an extension of the Notice's deadline (Doc. # 5), a second *in forma pauperis* application (Doc. # 6) and Plaintiff's account statement (Doc. # 7) were received by the court and docketed on June 12, 2026. Based on the financial information submitted by Plaintiff, an initial partial filing fee of $62.17 was assessed on June 22, 2026. (Doc. # 8.)

After Plaintiff paid his initial partial filing fee (Doc. # 9), service was ordered on all Defendants (Doc. # 10). On August 12, 2026, Greg Lovelace, Commissioner of the Alabama Department of Corrections, filed a motion to dismiss and brief in support. (Docs. # 13, 14.) On September 14, 2026, Wardens Brian Thompkins and Christopher Gordy filed a motion to dismiss and brief in support. (Docs. # 25, 26.) In two Orders both dated September 15, 2026, Plaintiff was instructed to respond to Defendants' motions to dismiss and briefs in support. (Docs. # 28, 29 ("September 15 Orders").) The September 15 Orders set a deadline of October 6, 2026, and expressly cautioned Plaintiff that his failure to file a timely response would result in dismissal for failure to prosecute and comply with an order of the court. (Docs. # 28, 29.)

The deadline has passed, and Plaintiff has failed to comply with the September 15 Orders. Consequently, this action will be dismissed without prejudice.

A district court "may dismiss a case under its inherent authority, which it possesses as a means of managing its own docket so as to achieve the orderly and expeditious disposition of cases." *McNair v. Johnson*, 143 F.4th 1301, 1306–07 (11th Cir. 2025) (cleaned up), *cert. denied*, 146 S. Ct. 2622 (2026). The authority of courts to impose sanctions for failure to comply with court orders and failure to prosecute is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); *see also*

*Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion").

A court's dismissal under its inherent authority "can be either with or without prejudice to refiling." *McNair*, 143 F.4th at 1306. Dismissal with prejudice as a sanction "is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)); *accord McNair*, 143 F.4th at 1306. "A dismissal *without* prejudice, by contrast, doesn't require a finding of willfulness or bad faith because its consequences are less severe." *McNair*, 143 F.4th at 1306.

Because Plaintiff has failed to comply with the September 15 Orders, despite their express directives and warnings, this action will be dismissed without prejudice. No lesser sanction would be effective.

Based on the foregoing, it is ORDERED that

(1) This action is DISMISSED without prejudice;

(2) Defendant Greg Lovelace's Motion to Dismiss (Doc. # 13) is DENIED as moot; and

(3) Defendants Brian Thompkins and Christopher Gordy's Motion to Dismiss (Doc. # 25) is DENIED as moot.

Final judgment will be entered separately.

DONE this 21st day of October, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE